## IN THE MATTER OF QUALIFICATIONS OF VOTERS FOR NOBLES.

OPINION OF THE JUSTICES OF THE SUPREME COURT TO THE CABINET.

Section 24, subdivision first, of the Election Law of 1888, requires that an Elector for Nobles shall have resided in the district in which he offers to vote for not less than three months before the election. The district here meant is the island (or group of islands) to which the Nobles to be voted for are apportioned, and not the districts mentioned in Section 13 of the Act.

Subdivision second of said Section 24 requires that the Elector for Nobles shall have actually received an income of not less than six hundred dollars during the year next preceding his registration for such election. The market value of the board and lodging of such elect o when given him by his employer in addition to his wages, is not to be reckoned to make up the prescribed income.

DEPARTMENT OF THE JUDICIARY,
HONOLULU, H. I., January 25th, 1890.

*To His Excellency, L. A. Thurston, Minister of the Interior:*

SIR: Your communication of the 23d January, on behalf of the Cabinet, addressed to the Justices of the Supreme Court, is received. The first question upon which our opinion is asked is :

Whether Section 24 of the Act of 1888, "To Amend and Consolidate the Election Laws of the Kingdom," requires that in order to vote for a Noble, an otherwise qualified elector of Nobles must have resided in one, and only one, of the "Election Districts" described in Section 13 of the Act, or does the context prohibit such sense, and does it mean that he must have resided for three months within the district for the election of Nobles, *i. e.*, the Island of Oahu?

Subdivision First of Section 24 contains the proviso that he (the voter for Nobles) shall have resided in the country not less than three years, and in the district in which he offers to vote

not less than three months immediately preceding the election at which he offers to vote.

The first section of the Act defines "district" to mean an "election district" as prescribed in this Act, unless the context prohibits such sense. The election districts are defined in Section 13; they are twenty-four in number, and one Representative is allowed for each district, and can be voted for by only the voters of the particular district.

But the Nobles, twenty-four in number, are not apportioned to be voted for singly by the voters of the respective election districts, but nine Nobles are to be voted for by each voter (who is qualified) on the Island of Oahu, and six by each voter on the Island of Hawaii, and so on throughout the group. For the purposes, therefore, of voting for Nobles, the Island of Oahu is the "district," as is also the Island of Hawaii, etc.

If all the voters qualified to vote for Nobles can vote for the number of Nobles prescribed for the island on which the voter lives, it can make no difference in which "election district" within the island or group of islands he may reside, and any change from one to another of these districts into which the island is divided cannot affect his right to vote for Nobles, provided he has resided on the particular island where he offers to vote for three months immediately preceding the election.

We are, therefore, of the opinion that the sense requires that the word "district" mentioned in the first subdivision of Section 24, respecting qualifications of voters for Nobles, means the island or group of islands from which the Nobles are to be elected, and not the "election districts" mentioned in Section 13 of the Act.

Before answering the second question we desire more time to consider it.

<div style="text-align: center">

Respectfully submitted,

A. F. Judd,

L. McCully,

Rich. F. Bickerton,

S. B. Dole,

Justices of the Supreme Court.

</div>

DEPARTMENT OF THE JUDICIARY,
HONOLULU, H. I., January 27, 1890.

*His Excellency, L. A. Thurston, Minister of the Interior:*

SIR: In continuation of our reply of the 25th instant, we beg leave to answer the remaining question, as follows:

SECOND QUESTION. If an employee receives a sum less than $600 in amount for the year, but receives from his employer his board and lodging, is it allowable to consider the market value of such board and lodging as being a part of such employee's income, or are his wages only to be the basis of estimate?

The language of the Statute, being likewise the words of the Constitution, which is required to be construed in giving an answer to the question, is that the voter for Nobles "shall have actually received an income of not less than six hundred dollars during the year next preceding his registration for such election."

The one clear construction, free from embarrassment in its application to all cases which might be put, would be that the elector must have received $600. There are no words indicating that an equivalent or a value may be counted for the $600 or a part thereof. The word "actually" is not necessary to the sentence. It is a qualifying word or a word of emphasis, and we regard its force to be that the prescribed amount shall have been received strictly in the terms of the Act. Its purpose would seem to have been to exclude all indirect modes of counting up the income to $600. In the Constitution of 1864, the language defining the qualification required in a candidate for Representative is, "or who shall have an annual income of at least two hundred and fifty dollars, derived from any property or some lawful employment," and for an elector, "an income of not less than $75 per year, derived from any property or some lawful employment." It is known that the operation of these provisions was countervailed by allowing constructions which reckoned income as something else than "dollars actually received," notably, by the expedient of counting subsistence as income. It seems to us that the words used in the present

Constitution were designed to exclude such previous construc-
tions.

When a departure is made from the first obvious meaning of
these words, one is led to uncertain ground. A duty would be
cast upon the Inspectors of Election of determining "the mar-
ket value of board and lodging." What board and lodging are
worth depends on the quality of them, which is very varying.
The more consideration we give to the difficulties attending the
questions which arise when some other rule is adopted than
the simple one of "dollars actually received," the more does
it appear that this is the correct and proper construction to
be adhered to.

We therefore answer the first part of the second question in
the negative.

<div align="center">

A. F. JUDD,

L. McCULLY,

RICH. F. BICKERTON,

SANFORD B. DOLE,

Justices of the Supreme Court.